UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>MCDONALDS RESTAURANT; CHRIS RESENDIZ,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11-CV-2563-JM (WMC)<br><br>**ORDER**<br><br>**(1) DISMISSING THE COMPLAINT;**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS; &**<br><br>**(3) DENYING AS MOOT REQUEST TO PROCEED IN THIS DISTRICT** |

　　　　On November 2, 2011, Plaintiff Cedric Greene, proceeding *pro se*, filed a complaint for intentional infliction of emotional distress against Defendants McDonald's Restaurant and Chris Resendiz.　Plaintiff did not pay the $350 filing fee; instead, he filed a motion to proceed in forma pauperis. Plaintiff has also filed a request to proceed in this district, attaching his declaration.[1]　The court notes that Plaintiff has brought the same action in this District before. See Greene v. McDonalds Restaurant et al., 11-CV-610-IEG (NLS) (filed on March 28, 2011).　On April 5, 2011, the court

---

[1] Plaintiff's request and supporting documents establish that the proper venue for this action lies in the Central District. The court notes that Plaintiff has filed over seventy actions in the Central District of California and has been ordered to show cause why he should not be declared a vexatious litigant. See Greene v. Mens Central Jail, Case No. 2:11-cv-997, Doc. No. 2 (C.D. Cal. Feb. 18, 2011).

1  transferred the case for lack of proper venue to the Central District, Western Division. The United
2  States District Court for the Central District of California thereafter denied Plaintiff's request to
3  proceed without prepayment of the filing fee, noting that the court lacks jurisdiction over the
4  complaint. For the reasons set forth below, the court sua sponte dismisses Plaintiff's complaint for
5  failure to state a claim and for lack of subject matter jurisdiction, and denies as moot Plaintiff's motion
6  to proceed in forma pauperis and Plaintiff's request to proceed in this district.

7  All parties instituting any civil action, suit or proceeding in a United States District Court must
8  pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to
9  prepay the entire fee only if the court grants the plaintiff leave to proceed in forma pauperis pursuant
10 to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Proceeding
11 under 28 U.S.C. § 1915(a), a district court must dismiss a case sua sponte if it determines that the
12 action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).
13

14 Plaintiff's two-page complaint against McDonald's Restaurant and Chris Resendiz alleges that
15 Plaintiff requested to take time off from his employment, but Defendants continued to place Plaintiff
16 in the work schedule with the knowledge that Plaintiff would not be able to work. Plaintiff alleges
17 that he was terminated from his employment. On the basis of these allegations, Plaintiff attempts to
18 bring a claim for intentional infliction of emotional distress. Federal Rule of Civil Procedure 8(a)(2)
19 requires that a pleading stating a claim for relief contain "a short and plain statement of the claim
20 showing that the pleader is entitled to relief." The function of this pleading requirement is to "give
21 the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007). Under California law, "the elements of the tort of
23 intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant
24 with the intention of causing, or reckless disregard of the probability of causing, emotional distress;
25 (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate
26 causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior
27 Court, 54 Cal. 3d 868, 903 (1991). Extreme and outrageous conduct must be "so extreme as to exceed
28 all bounds of that usually tolerated in a civilized community." Davidson v. City of Westminster, 32

1  Cal. 3d 197, 209 (1982). The court concludes that the allegations in Plaintiff's complaint fail to state
2  a claim for intentional infliction of emotional distress.

3  Plaintiff's case also lacks proper venue. Plaintiff must bring this action "in: (1) a judicial
4  district where any defendant resides, if all defendants reside in the same State; (2) a judicial district
5  in which a substantial part of the events or omissions giving rise to the claim occurred . . . or a judicial
6  district in which any defendant may be found, if there is no district in which the action may otherwise
7  be brought." 28 U.S.C. § 1391(b). A determination of improper venue does not go to the merits of
8  the case, and, therefore, any dismissal on this ground must be without prejudice. In re Hall, 939 F.2d
9  802, 804 (9th Cir. 1991). Plaintiff's claims appear to have arisen in Los Angeles, California, which
10 is within the jurisdictional confines of the Central District of California, Western Division. See 28
11 U.S.C. § 84(c)(2). No claim is alleged to have arisen and no Defendant is alleged to reside in the
12 Southern District. See 28 U.S.C. § 84(d). Therefore, venue is proper in the Central District of
13 California, Western Division, pursuant to 28 U.S.C. § 84(c)(2), but not in the Southern District of
14 California. See 28 U.S.C. § 1391(b); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

15 Additionally, it appears that this court lacks jurisdiction over Plaintiff's complaint. "Federal
16 courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and
17 statute, which is not to be expanded by judicial decree." Rasul v. Bush, 542 U.S. 466, 489 (2004).
18 It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the
19 contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America,
20 511 U.S. 375, 377 (1994). Here, Plaintiff fails to establish any valid basis for federal subject matter
21 jurisdiction. Plaintiff does not show that this is a civil action "arising under the Constitution, laws,
22 or treaties of the United States." 28 U.S.C. § 1331. Plaintiff fails to indicate any federal law that may
23 bring his claim under the jurisdiction of this court. Nor does Plaintiff allege that complete diversity
24 of citizenship of the parties exists to satisfy the jurisdictional basis of 28 U.S.C. § 1332.

25 The court concludes that the allegations in the complaint fail to state a claim against
26 / / /
27 / / /
28 / / /

1 | Defendants, and the court lacks subject matter jurisdiction over the complaint. Accordingly, the court
2 | sua sponte dismisses the complaint, and denies as moot Plaintiff's motion to proceed in forma
3 | pauperis.

4 | **IT IS SO ORDERED.**

5 | DATED: November 14, 2011

6 |
7 | Hon. Jeffrey T. Miller
United States District Judge